**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| **Plaintiff,** | **Case No. 2:24-cr-029 (1)** |
| **v.** | **Judge Edmund A. Sargus, Jr.** |
| **LORIE A. SCHAEFER,** | |
| **Defendant.** | |

---

**DEFENDANT'S REPLY TO THE GOVERNMENT'S SENTENCING MEMORANDUM**

---

Defendant Lorie Schaefer responds, briefly, to the Government's argument that the United States is no longer bound by its sentencing recommendations in the Plea Agreement between the parties as a result of Lorie's October 10, 2024, letter—while represented by court-appointed counsel—asking the Court to allow her to withdraw her guilty plea and plea agreement. (*See* Gov't Sentencing Memo, Doc #: 137; Letter, Doc. #: 61). Because the letter was not proceeded by a clear and unequivocal assertion of her right to proceed *pro se* and was not considered by the Court, the letter does not serve as a basis for the Government to be relieved from the Plea Agreement and to make recommendations inconsistent with the terms of the Plea Agreement.

**ARGUMENT**

It is well established that a criminal defendant accused of a felony has a constitutional right under the Sixth Amendment to be represented by counsel and to have counsel appointed for him if he cannot afford one, or, alternatively, to represent himself in such proceedings. *See Faretta v. California*, 422 U.S. 806, 818 (1975). However, a criminal defendant does not have the right to

hybrid representation. *See United States v. Mosley*, 810 F.2d 93, 97 (6th Cir. 1987). When addressing the issue of hybrid representation, the Sixth Circuit has stated:

> The right to defend *pro se* and the right to counsel have been aptly described as "two faces of the same coin," in that waiver of one right constitutes a correlative assertion of the other. While it may be within the discretion of a District Court to permit both a criminal defendant and his attorney to conduct different phases of the defense in a criminal trial, for purposes of determining whether there has been a deprivation of constitutional rights a criminal defendant cannot logically waive or assert both rights.

*Id*. (quoting *United States v. Conder*, 423 F.2d 904, 908 (6th Cir. 1970)). It is thus clear that, a defendant "represented by counsel must rely upon that counsel." *United States v. Darwich*, No. 09-cr-20280, 2010 WL 4822891 at *1 (E.D. Mich. Nov. 22, 2010). Courts in the Sixth Circuit have applied the reasoning from *Mosely* in exercising their discretion to deny without consideration *pro se* motions filed by represented defendants. *See e.g. United States v. Al-Hisnawi*, Case No. 20-cr-20058, 2020 WL 2315878 at *2 (E.D. Mich. May 11, 2020).

Here, Lorie's letter was denied by the Court without consideration and without a *Faretta* hearing and thus, cannot be considered as a basis for determining that she had waived her right to counsel and was proceeding *pro se* when she wrote it. In *United States v. Cromer*, the Court of Appeals addressed that "*Faretta* procedures are only required when a defendant has clearly and unequivocally asserted his right to proceed *pro se*[.]" 389 F.3d 662, 682 (6th Cir. 2004). It stated that "the wisest course is to require a clear and unequivocal assertion of a defendant's right to self-representation before his right to counsel may be deemed waived." *Id*. at 683. "A defendant who seeks merely to supplement his counsel's representation, . . . has failed to avail himself of his right to self-representation and thus failed to waive his right to the assistance of counsel." *Id*.

The defense position is that absent a *Faretta* hearing and a clear and unequivocal assertion of a defendant's right to self-representation, a letter by a defendant—who cannot be expected to

understand the legal import of either hybrid or pro se representation—has no legal affect and cannot serve as a basis for the Court to find a violation of a plea agreement.

## CONCLUSION

For the reasons set forth in this Reply, the defense position is Lorie's letter to the Court while represented by court-appointed counsel cannot serve as a basis for the Government to be relieved of its agreed recommendations and obligations under the agreement.

Respectfully submitted,

*/s/Michael J. Hunter*
Michael J. Hunter (0076815)
Matthew L. Jalandoni (0087074)
**Flannery | Georgalis, LLC**
175 S. Third Street, Suite 1060
Columbus, OH 43215
(614) 324-4139
mhunter@flannerygeorgalis.com
mjalandoni@flannerygeorgalis.com

*Attorneys for Defendant Lorie A. Schaefer*

## CERTIFICATE OF SERVICE

I hereby certify that on June 11, 2025, a copy of the foregoing was filed electronically using the Court's CM/ECF system. Notice of this filing will be sent to all parties via the Court's CM/ECF electronic filing system.

/s/Michael J. Hunter
Michael J. Hunter (0076815)

*Attorney for Defendant Lorie A. Schaefer*